**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000524
09-MAY-2013
08:52 AM**

NO. CAAP-12-0000524

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FIRST HAWAIIAN BANK, Plaintiff-Appellee, v.
SAMSON OKAPUA KAMAKEA, SR., and TALIA POMAIKAI KAMAKEA,
Defendants-Appellants, and JOHN DOES 1-10;
JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;
DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(HILO DIVISION)
(CIVIL NO. 11-1-0234)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendants-Appellants Samson Okapua Kamakea, Sr., and
Talia Pomaikai Kamakea (the **Kamakeas**) appeal from the February
28, 2012 Judgment Re: Findings of Fact, Conclusions of Law and
Order Granting Plaintiff's Summary Judgment as to All Claims and
All Parties, Interlocutory Decree of Foreclosure and Order of
Sale (**Judgment**) entered against them and in favor of Plaintiff-
Appellee First Hawaiian Bank by the Circuit Court of the Third
Circuit, Hilo Division (**Circuit Court**).[1]

On appeal, the Kamakeas raise a single point of error,
contending that the Circuit Court erred in denying their Hawai'i
Rules of Civil Procedure Rule 12(b)(1) motion, which was based on
the assertion that the Circuit Court lacked jurisdiction over the

---

[1] The Honorable Greg K. Nakamura presided.

foreclosure proceedings because the Kamakeas are citizens of the Hawaiian Kingdom.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude this appeal is without merit.

Our appellate courts have repeatedly held that claims involving the applicability of the Kingdom of Hawai'i laws are without merit. The Hawai'i Supreme Court in State v. Kaulia, 128 Hawai'i 479, 487, 291 P.3d 377, 385 (2013), recently reaffirmed this principle:

> Kaulia appears to argue that he is immune from the court's jurisdiction because of the legitimacy of the Kingdom government. In that regard, we reaffirm that "[w]hatever may be said regarding the lawfulness" of its origins, "the State of Hawai'i . . . is now a lawful government." State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App.2004), aff'd, 106 Hawai'i 41, 101 P.3d 225 (2004). Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws. See id. at 55, 101 P.3d at 664; State v. Lorenzo, 77 Hawai'i 219, 883 P.2d 641 (App. 1994); State v. French, 77 Hawai'i 222, 883 P.2d 644 (App. 1994); Nishitani v. Baker, 82 Hawai'i 281, 921 P.2d 1182 (App. 1996); State v. Lee, 90 Hawai'i 130, 976 P.2d 444 (1999).

Accordingly, the Circuit Court's February 28, 2012 Judgment is affirmed.

DATED: Honolulu, Hawai'i, May 9, 2013.

On the briefs:

Samson Okapua Kamakea, Sr.
Talia Pomaikai Kamakea
Defendants-Appellants Pro Se

Jonathan W.Y. Lai
Tracey L. Kubota
(Watanabe Ing LLP)
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge